# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00016-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ROBERT DALE ELLIS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Stay Enforcement of Special Conditions of Supervised Release Pending Appeal [Doc. 44].

## I.   PROCEDURAL BACKGROUND

On January 15, 2014, the Defendant was convicted in the United States District Court for the Middle District of North Carolina of failing to register as a sex offender. [See Doc. 1-2: MDNC Judgment]. He was sentenced to a term of 15 months' imprisonment, to be followed by five years of supervised release. [Id.]. The Defendant's term of supervised release commenced on June 3, 2014. Approximately seven months after the Defendant's term of supervised release began, jurisdiction of this matter was

transferred to the Western District of North Carolina. [See Doc. 1: Transfer of Jurisdiction].

The Defendant then proceeded to violate the conditions of supervised release multiple times. In February 2015, the Defendant left the Western District of North Carolina without first receiving permission from the Court or his supervising probation officer. The Defendant was placed on home detention for a period of two months as a result. [Doc. 2].

In August 2016, the Defendant's supervising probation officer filed a petition for revocation of the Defendant's supervised release based on ten different violations, including unauthorized travel, failure to report contact with law enforcement, failure report to his probation officer as instructed, and failure to comply with mental health and sex offender treatment requirements. [Doc. 7]. On October 27, 2016, the Defendant admitted guilt to six of these violations and was sentenced to a term of ten months' imprisonment and sixty months of supervised release. [Doc. 15].

On February 22, 2018, the Defendant's probation officer filed a second petition for revocation due to the Defendant's failure to submit to a sex offender risk assessment, failure to comply with sex offender treatment requirements, and using internet accessible devices not approved by his probation officer. [Doc. 19]. On April 12, 2018, the Defendant admitted guilt

to failing to submit to a sex offender risk assessment and to using unauthorized internet accessible devices.  He was sentenced to a term of nine months' imprisonment to be followed by another term of sixty months of supervised release.  [Doc. 25].

On January 17, 2019, the probation officer filed a third petition for revocation, alleging a total of seven violations.  [Doc. 26].  On February 21, 2019, the Defendant admitted guilt to five of those violations, including: failing to comply with location monitoring, failing to provide truthful answers to his probation officer, leaving the district without permission, failing to comply with sex offender treatment, and failing to comply with mental health treatment requirements.  [Doc. 26].  He was sentenced to a total of eleven months' imprisonment and another 60 months of supervised release.  [Doc. 33]. Among the additional conditions of supervised release imposed were requirements that the Defendant have no internet access (Additional Condition 17) and that the Defendant not possess any legal or illegal pornographic materials, or enter any location where such materials can be accessed, viewed or obtained (Additional Condition 18).  [Id. at 5].

The Defendant has appealed this Judgment to the Fourth Circuit Court of Appeals on the basis that the additional conditions imposed violate 18

U.S.C. § 3583(d). [See Doc. 34: Notice of Appeal]. That appeal is currently pending.

The Defendant now moves the Court to stay enforcement of the challenged conditions pending appeal.[1] [Doc. 44]. The Government opposes the Defendant's request for a stay. [Doc. 46].

**II. DISCUSSION**

The Defendant has not cited any statute or Rule of Criminal or Appellate Procedure which would allow this Court to issue the requested stay. Rule 8(a) of the Federal Rules of Appellate Procedure allows a district court to stay a judgment pending appeal, but this provision applies only to civil judgments. See Fed. R. App. P. 8(a). Stays in criminal cases are addressed in Federal Rule of Appellate Procedure 8(c), which provides that Rule 38 of the Federal Rules of Criminal Procedure governs the application of stays in criminal proceedings pending appeal. See Fed. R. App. P. 8(c). Rule 38 in turn provides that a district court may stay a term of imprisonment; the imposition of a fine; a sentence of probation; the imposition of restitution; a forfeiture order; or a civil or employment disability created by a conviction or sentence. See generally Fed. R. Crim. P. 38(a)-(g). Nothing in Rule 38

---

[1] According to the Defendant's motion, the Defendant is scheduled to finish his term of imprisonment and commence his term of supervised release on December 17, 2019. [See Doc. 44 at 1 n.1].

4

allows for a district court to stay a condition of supervised release pending appeal.

Despite the lack of any express authority conveyed by statute or rule, the Defendant argues that this Court can nevertheless stay the enforcement of release conditions pending appeal, citing United States v. Smart, 406 F. App'x 14 (6th Cir. 2010), and United States v. Souser, 405 F.3d 1162 (10th Cir. 2005). In Smart, the Court of Appeals -- not the district court -- stayed a condition of release pending appeal. 406 F.3d at 18. In Souser, the defendant appealed an order from the district court requiring the defendant to comply with certain probation policies. The Tenth Circuit noted in its decision that the district court had stayed the challenged order, without opposition from the government. 405 F.3d at 1164. Because the stay was not challenged, however, the Tenth Circuit had no occasion to pass on the propriety of the district court's action. These cases, therefore, do not support the Defendant's argument that this Court has the authority to stay a condition of supervised release pending appeal.

Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over a case. See United States v. Wooden, 230 F. App'x 243, 244 (4th Cir. 2007) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of

5

appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); United States v. Christy, 3 F.3d 765, 767 (4th Cir. 1993) (noting that filing of notice of appeal "divested the district court of its jurisdiction over the case"); United States v. Perate, 719 F.2d 706, 711 (4th Cir. 1983) (noting that filing of notice of appeal "terminated the jurisdiction of the district court over [the] case"). Absent any express authority conferred by statute or rule, and in light of the pending appeal, the Court concludes that it lacks jurisdiction to entertain the Defendant's motion.[2]

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Stay Enforcement of Special Conditions of Supervised Release Pending Appeal [Doc. 44] is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 12, 2019

Martin Reidinger
United States District Judge

---

[2] Assuming that this Court did have jurisdiction and could grant the Defendant's motion under its inherent authority, the Court in the exercise of its discretion would not grant a stay of the enforcement of the conditions prohibiting his use of the internet and his accessing of pornography. The Court imposed these conditions after revoking the Defendant's supervised release for the third time. For the reasons stated at the revocation hearing, the Court finds that these additional conditions are reasonably necessary to further the statutory purposes of preventing further misconduct, promoting the Defendant's rehabilitation, and protecting the public from further crimes. This is particularly true in light of the fact that these conditions are tailored to preventing any potential sex offenses by the Defendant considering his repeated failure to comply with sex offender treatment.

6